**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ANTON L. THOMPSON,** | ) | |
| **# 281812,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:18-cv-00423** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **RUBY JOYNER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**M E M O R A N D U M**

Anton L. Thompson, a pre-trial detainee currently in the custody of the Davidson County

Sheriff's Office in Nashville, Tennessee, brings this pro se, in forma pauperis action under 42 U.S.C.

§ 1983 against Ruby Joyner, alleging violations of his civil rights. (Docket No. 1). The plaintiff

also filed a motion for the appointment of counsel (Docket No. 6) and a motion to amend his

complaint (Docket No. 9).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison

Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.      Motion for the Appointment of Counsel**

The plaintiff filed a motion seeking the appointment of counsel  (Docket No. 6) and a

memorandum in support of his motion (Docket No. 7). He states that his case is factually and

legally complex, he is limited in his ability to investigate the facts, and he is an indigent prisoner

with no legal training. (*Id.* at 2-4).

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only

where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social*

*Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right

to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

The plaintiff's circumstances as described are typical to most prisoners. *See Murray v. Giarratano*, 492 U.S. 1, 7 (1989) (pro se litigant); *Richmond v. Settles*, 450 Fed. App'x 448, 452-53 (6th Cir. 2011) (indigent litigant); *Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent and untrained, pro se litigants). The plaintiff has submitted a detailed complaint as well as a forty-three (43) page supplement to the complaint. (Docket Nos. 1 and 5). The plaintiff demonstrates that he is able to prosecute his case at this time. Therefore, his motion for the appointment of counsel (Docket No. 6) will be denied.

**II.      Motion to Amend Complaint**

On July 31, 2018, Plaintiff filed a motion to amend his complaint to add "the maximum correctional center, Davidson County Jail party" as defendants to this action. (Docket No. 9). Rule 15(a) (2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Brumbalough v. Camelot Care Ctrs., Inc*., 427 F.3d 996, 1001 (6th Cir. 2005). The plaintiff's motion to amend does not appear to have been filed for purposes of undue delay or bad faith.    However, the "maximum correctional center" and Davidson County Jail are

buildings; neither is a "person" or legal entity that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, permitting the plaintiff to amend his complaint to allege claims against the "maximum correctional center" or the Davidson County Jail would be futile.

Construing the pro se plaintiff's request liberally, the court will consider the plaintiff's proposed claims against the two buildings as claims against the city or county in charge of operating the facility at issue. While the Metropolitan Government of Nashville and Davidson County (Metropolitan Government) is a suable entity, it is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (internal citations and quotation marks omitted). Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693, 98 S. Ct. 2018, 56 L .Ed. 2d 611 (1978)); *Regets v. City of Plymouth*, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights

violations. *Burgess*, 735 F.3d at 478.

Here, the plaintiff's proposed allegations are insufficient to state a claim for municipal liability against the Metropolitan Government under § 1983.  In his motion to amend, the plaintiff does not identify or describe any of the Metropolitan Government's policies, procedures, practices, or customs relating to the incidents at issue; he does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of the plaintiff's rights; and he does not identify any other previous instances of similar violations that would have put the Metropolitan Government on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010).  Therefore, even if the court construes the plaintiff's proposed claims as claims against a suable entity– the Metropolitan Government– the claims would not be viable under § 1983.  Allowing the plaintiff to amend his complaint to allege such claims against the proposed defendants would be futile under Federal Rule of Civil Procedure 15.   The plaintiff's motion to amend his complaint to add claims against "maximum correctional center" and the Davidson County Jail, therefore, will be denied.

## III.    PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary

dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## IV.    Section 1983 Standard

The plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.    Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights,

privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

## V. Alleged Facts

The complaint alleges that the plaintiff, a pre-trial detainee currently in the custody of the Davidson County Sheriff's Office, has sought assistance from Ruby Joyner, a jail administrator, numerous times during his incarceration. (Docket No. 1 at 5). According to the plaintiff, he "has had electronic objects in his body for over a year now due to someone putting electronic objects in his food that he ate at a maximum correctional center in Davidson County." (*Id.*) The plaintiff has talked to Joyner "about the problem of him being assaulted verbally and physically due to him having these electronic objects in his body." (*Id.*) The complaint alleges that the plaintiff "asked Ruby Joyner what she was going to do about the problem and she did not try to help the plaintiff find a solution to these problems." (*Id.*) The complaint seeks damages from Joyner "due to her negligence to protect the plaintiff." (*Id.*)

## VI. Analysis

The complaint names Ruby Joyner as the only defendant to this action. Joyner is sued in both her individual and official capacities. (*Id.* at 2).

When a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Here, Joyner is an employee of the Davidson County Sheriff's Office, which is operated by Davidson County, Tennessee. While Davidson

County, Tennessee is a suable entity, it is responsible under § 1983 only for its "own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (internal citations and quotation marks omitted). Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir.2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)); *Regets v. City of Plymouth*, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Davidson County under § 1983. The complaint does not identify or describe any of Davidson County's policies, procedures, practices, or customs relating to the incidents at issue; the complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of the plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Davidson County on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13,

2010). Therefore, the court finds that the complaint does not contain sufficient allegations to state a claim of municipal liability against Davidson County. Any such claim will be dismissed.

With regard to the plaintiff's claims against Joyner in her individual capacity, the complaint alleges that Joyner failed to protect the plaintiff. (Docket No. 1 at 5). The Eighth Amendment to the United States Constitution requires officers to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984)). Although jail officials have a duty to protect prisoners from assault by other prisoners, the Supreme Court has recognized that jail officials cannot be expected to prevent every assault before it occurs or to stop every assault in progress before injuries are inflicted. Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, the inmate must show both that the risk of harm is sufficiently "serious," an objective inquiry, and that prison officials acted with "deliberate indifference" to inmate health or safety, a subjective inquiry. *Id.* at 837-38; *Helling v. McKinney*, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L.Ed.2d 22 (1993). Thus, "a prison official may be held liable under the Eighth Amendment . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Here, the plaintiff's failure to protect claim is based upon his allegation that Joyner failed to take any action to intervene and protect the plaintiff from "being assaulted verbally and physically" due to the plaintiff "having . . . electronic objects in his body." (Docket No. 1 at 5). According to the plaintiff, he "has endured his brain being shocked numerous times throughout the

8

day that makes him have headaches and also he has been experiencing being verbally abused by someone that has threaten[ed] to kill him and his family members." (*Id.*)

The complaint fails to allege that the risk of harm is objectively and sufficiently "serious." *Farmer*, 511 U.S. at 837-38. Although the problems the plaintiff describes undoubtedly seem very real and serious to him, the court believes that Joyner could have earnestly listened to the plaintiff describe his problems and reasonably determine that she did not need to take any steps to protect the plaintiff from harm by the voices he was hearing in his head.[1] *See Dodson v. Haley*, No. 3:16-CV-354-PLR-CCS, 2016 WL 3625677, at *3 (E.D. Tenn. June 29, 2016)("It is clear to this Court that Plaintiff's allegations regarding his experimental thought processor and eye cameras embedded in his body against his will and the harmful chemicals being administered to him repeatedly through his consumption of pieces of cake served on his food tray are irrational, wholly incredible, and hence, facially frivolous."); *Williams v. City of Memphis*, No. 14-2767-JDT-tmp, 2015 WL 808456, at **1,7 (W.D. Tenn. Feb. 25, 2015)(dismissing as "implausible, frivolous, and devoid of merit" pro se plaintiff's claims that the FBI and other law enforcement agencies had harassed him by implanting chips in his leg and by "surveilling [his] movements and thoughts from brain imagining").

In addition, the complaint fails to allege that Joyner acted with "deliberate indifference" to the plaintiff's health or safety. The complaint plainly contends that the plaintiff seeks damages from Joyner "due to her negligence . . . ." and not due to her deliberate indifference. (Docket No. 1 at 5). However, complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff

---

[1]Notably, the complaint does not allege that Joyner, a jail administrator, has any responsibility over the plaintiff's medical and mental health care or has any authority to grant or deny the plaintiff's requests for medical or mental health treatment. The complaint names only Joyner as a defendant to this action.

to relief. *Estelle*, 429 U.S. at 105-06.

To the extent that the plaintiff's claims against Joyner are based on her response or lack of response to the plaintiff's grievances concerning contaminants and electronic devices, although the plaintiff may feel that his grievances were not taken seriously or handled properly, a plaintiff cannot premise a § 1983 claim on allegations that an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Because a prisoner does not have a constitutional right to an effective or responsive grievance procedure, any allegations based on Joyners' failure to respond to plaintiff's grievances do not state a claim upon which relief can be granted. For all of these reasons, the court finds that the complaint fails to state a colorable § 1983 against Joyner in her individual capacity.

## VII.    Conclusion

Plaintiff's motion for the appointment of counsel (Docket No. 6) and motion to amend his complaint (Docket No. 9) will be denied.

Having screened the complaint pursuant to the PLRA, the court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against Joyner in her official and individual capacities. 28 U.S.C. § 1915(e)(2). In the absence of an actionable claim, the court must dismiss the complaint sua sponte. Accordingly, this action will be dismissed.

10

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge